[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10579

_____

D.C. Docket No. 2:98-cr-14021-KMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY CLARK,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 1, 2012)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

This appeal presents the issue whether recent amendments to the Sentencing

Guidelines permitted the district court to reduce the sentence of a defendant who

was sentenced as a career offender, see U.S.S.G. § 4B1.1(A), but later received a reduction in his term of imprisonment based on his substantial assistance to the government in the prosecution of another offender, see Fed. R. Crim. P. 35(b). Timothy Clark appeals the denial of his motion for a reduced sentence, 18 U.S.C. § 3582(c)(2), based on Amendment 750 to the Sentencing Guidelines, which retroactively lowered the base offense levels for certain offenses involving crack cocaine to conform to the Fair Sentencing Act of 2010. See U.S.S.G. App. C, amend. 750 (Nov. 2011). We held in United States v. Moore, 541 F.3d 1323 (11th Cir. 2009), that a defendant sentenced as a career offender is ineligible for a sentence reduction under Amendment 706, which also lowered the base offense levels applicable to crack cocaine offenses, U.S.S.G. § 2D1.1. Clark contends that Amendment 759 to the Sentencing Guidelines, U.S.S.G. App. C, amend. 759 (Nov. 2011), abrogated our holding in Moore and granted the district court the authority to reduce his sentence. We disagree and affirm.

## I. BACKGROUND

In 1998, a federal jury found Clark guilty of possession with intent to distribute cocaine base, in violation of 21 U.S.C. section 841(a)(1). The district court sentenced Clark to 360 months in prison, as a career offender, under section 4B1.1(A) of the guidelines. In 2003, the government moved to reduce Clark's

sentence on the ground that Clark had provided "substantial assistance" to the government. See Fed. R. Crim. P. 35(b). The district court granted that motion and reduced Clark's sentence to 240 months in prison.

In November 2011, the United States Sentencing Commission promulgated Amendment 750, which lowered the base offense levels for crack cocaine offenses. U.S.S.G. App. C, amend. 750; see U.S.S.G. § 2D1.1(c)(3) (Nov. 2011). The Sentencing Commission provided that this part of Amendment 750 would become retroactive on November 1, 2011. See U.S.S.G. § 1B1.10(c). Amendment 750 did not affect the guidelines for career offenders. See U.S. v. Lawson, no. 11-15912, slip op. at 7 (11th Cir. July 13, 2012).

The Sentencing Commission later promulgated Amendment 759, which added new language to the policy statement in section 1B1.10(b)(2)(A) of the Guidelines. Section 1B1.10(b)(2)(A) provides that a district court may not "reduce the defendant's term of imprisonment under 18 U.S.C. [section] 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." "Before Amendment 759, an exception to that limitation allowed a district court to lower a defendant's prison sentence below the amended guidelines range if the original sentence was, for any reason, below the original guidelines range." U.S. v. Glover, no. 12-10580, slip op. at 9 (11th Cir. July 11, 2012). See U.S.S.G.

3

§ 1B1.10(b)(2)(B) (Nov. 2010). Amendment 759 narrowed that exception and permitted a district court to "lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government," id. at 9–10:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 2011). To decide "whether . . . a reduction in the defendant's term of imprisonment . . . is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced." Id. § 1B1.10(b)(2)(B)(1). Like Amendment 750, Amendment 759 became retroactive on November 1, 2011.

On October 26, 2011, Clark filed a motion under section 3582(c)(2) to reduce his sentence. He argued that he was eligible for a sentence reduction under Amendments 750 and 759. The government objected on the ground that Clark was ineligible for a reduction in sentence under Amendment 750. The government

4

argued that Clark's sentence was based on the career offender guidelines in section 4B1.1, not the amended crack cocaine guidelines in section 2D1.1.  The district court denied Clark's motion.

## II. STANDARDS OF REVIEW

"In a § 3582(c)(2) proceeding, we review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. We review <u>de novo</u> questions of statutory interpretation."  <u>Moore</u>, 541 F.3d at 1326 (citation and internal quotation marks omitted).

## III. DISCUSSION

Clark argues that he is eligible for a sentence reduction, but "[a] court may only modify a term of imprisonment in limited circumstances, including where a defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" <u>Lawson</u>, slip op. at 3 (quoting 18 U.S.C. § 3582(c)(2)).  "[A] court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case."  <u>Glover</u>, slip op. at 7.  In other words, if an amended guideline does not have the effect of lowering the defendant's sentencing range, the district court has no authority to reduce the defendant's sentence.  <u>Moore</u>, 541 F.3d at 1330.  The district court had no

5

authority to reduce Clark's sentence because Amendment 750 did not lower his guideline range.

Our recent decisions in Lawson and Glover foreclose Clark's argument. Like Clark, Lawson's total offense level and guidelines range was not based on the drug quantity guidelines in section 2D1.1, but instead was based on the career offender guidelines in section 4B1.1. We rejected Lawson's argument that he was entitled to a sentence reduction under section 3582(c)(2), based on Amendment 750 to the guidelines, because Amendment 750 "did not alter the sentencing range upon which Lawson's sentence was based." Lawson, slip op. at 7 (internal quotation marks and alteration omitted). We reached a similar conclusion in Glover, where the defendant moved to reduce his sentence based on Amendment 750, even though his sentence was based on the guidelines range of life in prison, see U.S.S.G. § 5G1.1(b). Because Amendment 750 did not alter Glover's guidelines range, we held that "Glover is not eligible for a sentencing reduction under 18 U.S.C. § 3582(c)(2)." Glover, slip op. at 8. See also Moore, 541 F.3d at 1330 ("§ 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1."). We are bound by Lawson and Glover. See

6

Lawson, slip op. at 3 ("We are bound by a prior panel opinion until the opinion's holding is overruled by the Supreme Court or by our Court sitting en banc.").

Clark also argues that he is entitled to a reduced sentence because he later received a sentence reduction based on his substantial assistance to the government. Clark argues that, in the light of his sentence reduction for substantial assistance, he is no longer imprisoned based on the guidelines for career offenders. Clark contends that Amendment 759 supports his argument.

Glover squarely forecloses this argument. "Amendment 759 [does] nothing more than limit a district court's authority to reduce a defendant's sentence below the amended guidelines range." Glover, slip op. at 10. Amendment 759 "does not permit a court to reduce a defendant's sentence based on a guidelines amendment that does not lower his guidelines range." Id. at 11. Clark's guidelines range remains the career offender guidelines range. "Neither Amendment 750 nor 759 changes that. And because neither amendment changes his guidelines range, [Clark] is not entitled to resentencing under § 3582(c)(2)." Id. at 11–12.

Because the district court lacked the authority to reduce Clark's sentence, we **AFFIRM** the dismissal of Clark's motion.