[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11048
Non-Argument Calendar
_____

D.C. Docket No. 9:08-cr-80103-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 8, 2012)

Before TJOFLAT, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Terry Johnson appeals the district court's denial of his pro se motion to reduce his total sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. Sentenced as a career offender, Johnson does not dispute that, under United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), he would be ineligible for § 3582 relief, see id. at 1327–28. Nonetheless, he insists that he is entitled to a sentence reduction under § 3582 because the Supreme Court's intervening decision in Freeman v. United States, __ U.S. __, 131 S. Ct. 2685 (2011), effectively "undermined" Moore.

However, in United States v. Lawson, No. 11-15912, slip. op. 1 (11th Cir. July 13, 2012), we rejected precisely the argument that Johnson advances here. In that case, we concluded that Freeman did not address defendants like Johnson, "who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1 [the career-offender enhancement]." Id. at 6. Consequently, "Freeman is not 'clearly on point' to the issue that arose in Moore," id. at 7, thereby leaving Moore undisturbed as "binding precedent," id. at 6.

Lawson thus forecloses Johnson's argument. And since the rule set forth in Moore still applies, we conclude that Amendment 750—which altered only Johnson's base offense level—does not affect the sentence that Johnson received

2

pursuant to the career-offender guidelines.  See id. at 3–7.

The district court's denial of Johnson's motion for a reduction in his total sentence is therefore **AFFIRMED**.