[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13693
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00171-EAK-EAJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REUBEN THADDEUS COFFIE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 23, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Reuben Thaddeus Coffie appeals the district court's denial of his motion for

a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Coffie argues

that the district court erred in denying his § 3582(c)(2) motion because, after the Supreme Court's decision in Freeman v. United States, ___ U.S. ___, 131 S. Ct. 2685 (2011), a career offender who received a departure and was sentenced below the guideline range for career offenders is eligible for a § 3582(c)(2) sentence reduction under Amendment 750 to the Sentencing Guidelines.

"[W]e review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1268 (11th Cir. 2002). We are bound by the opinion of a prior panel until the Supreme Court or this Court sitting en banc overrules that opinion's holding. United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012), cert. denied, 133 S. Ct. 568 (2012).

In United States v. Moore, we faced the question of whether defendants who were sentenced as career offenders under United States Sentencing Guidelines § 4B1.1 were eligible for § 3582(c)(2) relief in light of Amendment 706, which, like Amendment 750, lowered the base offense levels for certain quantities of crack cocaine under U.S.S.G. § 2D1.1(c). 541 F.3d 1323, 1325–26 (11th Cir. 2008). Each of the Moore defendants' base offense level was calculated pursuant to U.S.S.G. § 2D1.1, but then each defendant's offense level was adjusted because they were classified as career offenders under U.S.S.G. § 4B1.1(a). Id. at 1335.

2

We held that the defendants did not qualify for § 3582(c)(2) relief because Amendment 706 had no effect on their applicable guideline ranges, which were calculated based on their career offender classification under U.S.S.G. § 4B1.1. Id. at 1327–30. This determination even applied to defendant Moore who had been sentenced below the career offender guideline range due to his substantial assistance. Id. at 1330.

Coffie argues that the Supreme Court's decision in Freeman has "undermined Moore to the point of abrogation." However, this argument has been foreclosed by our decision in United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012). See e.g., United States v. Johnson, 488 F. App'x 354, 354–55 (11th Cir. 2012) (holding that Lawson foreclosed the defendant's argument that Freeman effectively undermined Moore and that Amendment 750, which only altered the defendant's base offense level, did not affect the sentence he received pursuant to the career-offender guidelines).

In Freeman, the Supreme Court explained that, where a Federal Rule of Criminal Procedure 11(c)(1)(C) plea was based on the Guidelines, the defendant was eligible to seek a reduction under § 3582(c)(2). 131 S. Ct. at 2695 (plurality opinion). In Lawson we specifically addressed Freeman's impact on Moore and held that Moore remained binding precedent. 686 F.3d at 1321. We explained that

3

Freeman did not "address[] defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." Id.  "Thus, Freeman [was] not 'clearly on point' to the issue that arose in Moore." Id.  We have repeatedly affirmed this determination.  See e.g., United States v. Clayton, 477 F. App'x 644, 646–47 (11th Cir. 2012) (determining that the district court did not err by not applying Freeman because "there is no binding authority applying the reasoning of Freeman to the context of a career offender seeking § 3582 (c)(2) relief").

It is immaterial that, unlike the defendant in Lawson, Coffie was not sentenced within the career offender guideline range due to a departure for substantial assistance.  Coffie's guideline range was still based on his career offender status even though the court later departed from the guideline range based on Coffie's substantial assistance.  See Moore, 541 F.3d at 1330; United States v. Clark, 485 F. App'x 407, 410 (citing United States v. Glover, 686 F.3d 1203 (11th Cir. 2012) in support of the proposition that neither Amendment 750 nor 759 changed the fact that the defendant's guideline range was the career offender guideline range even though he later received a substantial assistance departure).  Therefore, Amendment 750 "did not alter the sentencing range upon which [Coffie's] sentence was based." See Lawson, 686 F.3d at 1321 (internal quotation

4

marks and alteration omitted).  Further, there is no indication that the crack cocaine guideline calculation influenced the district court's departure.

Therefore, based on a prior precedent, the district court did not err in denying Coffie's § 3582(c)(2) motion on the ground Amendment 750 did not lower his applicable guideline range.

**AFFIRMED.**